UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT L. FISHER and : | |
| JESSIE E. FISHER, : | |
|     Plaintiffs, : | |
| : | |
| v. : | 3:11 CV 1099 WWE |
| : | |
| BANK OF AMERICA et. al, : | |
|     Defendants. : | |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS**

    Defendants Bank of America, N.A. (sued herein as "Bank of America"), its "Vice President" and "Directors" and Brian T. Moynihan (collectively "BofA") have moved to dismiss plaintiffs Robert L. Fisher and Jessie E. Fisher's complaint on the grounds that it violates Federal Rules of Civil Procedure ("FRCP") 8(a)(2) and 8(d)(1) and fails to state a claim for relief pursuant to FRCP 12(b)(6).  For the following reasons, defendants' motion to dismiss will be granted.

**BACKGROUND**

    Plaintiffs entered into a mortgage agreement with BofA.  In this action, plaintiffs seek to relieve themselves from all obligations to defendants that stem from the agreement.  Regrettably, plaintiffs' original complaint, filed July 12, 2011, consists of 128 pages of amorphous, inscrutable language.  Although unclear, plaintiffs' claim seems to revolve around the idea that BofA "cannot convert the exchange of [plaintiffs'] bonds for a property to a loan."

    Defendants assert that plaintiffs' complaint is neither a short plain statement of plaintiffs' claims, nor simple, concise and direct and is, thus, subject to dismissal under FRCP 8(a)(2) and 8(d)(1).  Moreover, defendants contend that the complaint fails to allege any grounds for relief and thus should be dismissed under FRCP 12(b)(6).

**DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

As plaintiffs' complaint is mostly incomprehensible, it does not raise a right to relief above the speculative level. For the same reason, and because of its 128 page length, plaintiffs' complaint does not comply with the Rule 8 "short and plain" pleading requirements. Therefore, defendants' motion to dismiss will be granted.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss [Doc. 13] is GRANTED. Plaintiffs may submit an amended complaint containing a short and plain statement of their claim for relief within 15 days.

Dated this 31st day of May, 2012 at Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE